IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JESSICA JENSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15 C 6536 |
| ) | |
| MEDICAL BUSINESS BUREAU, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This Court has just received its chambers copy, as called for by LR 5.2(f), of the Fair Debt Collection Practices Act ("Act"[1]) Complaint brought by Jessica Jensen ("Jensen") against Medical Business Bureau, LLC ("Bureau"). This memorandum opinion and order is issued sua sponte because of this Court's view that the Complaint is frivolous in the legal sense.

This is not the first occasion on which this Court has encountered a complaint authored by a lawyer who views Section 1692f(8) through a bizarre (myopic? astigmatic?) lens. Within a day after receiving a similar complaint in Sampson v. MRS BPO, LLC, No. 15 C 2258, this Court dismissed that complaint and action on March 17, 2015 as having reflected an absurd reading of that statute, the same one relied on by Jensen's lawyer here. Indeed, a like ruling in this case would appear to follow a fortiori, because the window envelope complained of by Jensen's counsel contained nothing like the string of numbers of undefined origin and content involved in the Sampson case -- instead, Bureau's collection letter here (Complaint Ex. C)

---

[1] Citations to provisions of the Act will simply take the form "Section --," omitting the prefatory "15 U.S.C. §" reference to the United States Code's Title 15, where the Act is found.

reveals that the window envelope showed Jensen's name and address with a totally innocuous four digit number above her name:

> 7114
> JESSICA JENSEN
> 1007 WILCOX
> JOLIET, IL  60435-4550

It took only a few minutes' research by this Court's "even-numbered" law clerk to turn up cases during the past month in which two of its respected colleagues, Chief Judge Ruben Castillo in <u>Gonzalez v. FMS, Inc.</u>, No. 14 C 4924, 2015 WL 4100292 (July 6) and Judge Amy St. Eve in <u>Davis v. MRS BPO, LLC</u>, No. 15 C 2303, 2015 WL 4326900 (July 15), came to the same conclusion that this Court had in <u>Sampson</u>. That last-named defendant thus dodged the bullet twice, once in this Court's <u>Sampson</u> case and the second time in Judge St. Eve's <u>Davis</u> case. Each of those opinions by this Court's colleagues cited and agreed with <u>Sampson,</u> and Judge Castillo quoted this language from the opinion there:

> In order for any hypothetical member of the public who views the envelope . . . to be able to perceive that debt collection is involved and is at issue, so that [defendant] used unfair and unconscionable means to collect a debt . . . that member of the public would have to be blessed (or cursed?) with x-ray vision that enabled him or her to read the letter contained in the sealed and assertedly offending envelope. Absent that, any deciphering of the impenetrable string of numbers and symbols on the outside of the . . . envelope would have to depend on some sort of divination. That is simply not the stuff of which any legitimate invocation of the Act or its constructive purposes can be fashioned.

In this instance Jensen's lawyer also purports to find another violation of the Act in this statement in the Bureau's collection letter, which assertedly runs afoul of the prohibition against "overshadowing" the rights set out in Section 1692g:

> One of the ways collection activity will be stopped is if paid.

Although that contention appears unpersuasive on its face, an initial status hearing is set for 9 a.m. August 11, 2015 to enable Jensen's counsel to appear and express his views as to the viability of the Complaint in light of the things said here.

                                                /s/ Milton I. Shadur
                                                Milton I. Shadur
                                                Senior United States District Judge

Date: August 4, 2015